Mynatt *v.* The State.

NATT MYNATT *v.* THE STATE.

CRIMINAL LAW. *Lewdness. Evidence.* Testimony showing acts of lewdness proven on a trial on a former indictment, on which party was acquitted, is admissible to show the nature and character of subsequent conduct and association between the same parties.

FROM UNION.

Appeal in error from the County Court of Union county.   D. K. YOUNG, J.

———— for Mynatt.

ATTORNEY-GENERAL LEA for the State.

FREEMAN, J., delivered the opinion of the court.

On the trial of this case for open and notorious lewdness, the defendant was convicted, and has appealed in error to this court.

It appears the parties had been previously indicted for this offense, and the defendant tried and acquitted. Two witnesses were allowed by the court in the present case to prove an act of illicit intercourse previous to the former indictment, and which they had testified to on that trial, the court telling the jury that these facts were only to be looked to by way of throwing light on subsequent conduct of defendant and acts before the finding of the present indictment.

We think in this the court did not err.   It has

been held in such cases that acts subsequent to the finding of the indictment may be proven, tending to show indecent familiarity between the parties, in explanation of another act with which the party stood charged: *Cole* v. *The State*, 6 Baxt., 243. If this be correct, we can see no difference in principle between proving previous acts for the same purpose, as in this case. The offense of open and notorious lewdness must of necessity consist of a series of acts of association, which, taken together, make out the offense; and whether these acts were lewd or innocent, is the question for the jury. The fact of repeated carnal intercourse, in connection with frequent association, would tend to make out the character of that association, and show it to have been of an immoral character rather than the opposite. The proof, we think, was competent. Affirm the judgment.